# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

        Plaintiff,

v.                                       No. CIV 02-1644 JB/RHS

BCI COCA-COLA BOTTLING COMPANY OF
LOS ANGELES, d/b/a PHOENIX COCA-COLA
BOTTLING COMPANY and COCA-COLA
BOTTLING COMPANY OF ALBUQUERQUE,

        Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on the Plaintiff's Opposed Motion to Strike Affirmative Defenses (Dkt. No. 6). The issue presented is whether the Court should strike four of the Defendant BCI Coca-Cola Bottling Company of Los Angeles' affirmative defenses that relate to paragraph 7(a) of the Complaint. Because the Court has already dismissed at least some of the claims in paragraph 7(a) about which BCI Coca-Cola Bottling Company of Los Angeles ("BCI") complains, the Court grants the motion to strike.

## STANDARDS FOR DECIDING A MOTION TO STRIKE

Affirmative defenses are pleadings and, as such, are subject to the pleading requirements of the Federal Rules of Civil Procedure. Affirmative defenses must set forth a short and plain statement of the defense. See Fed. R. Civ. P. 8(c). If an affirmative defense is insufficient on its face, the Court should strike the affirmative defense. See 2 MOORE'S FEDERAL PRACTICE § 12.37[4] at 12-98 (Matthew Bender 3d ed. 1997).

A court may properly strike from a pleading insufficient defenses and redundant, immaterial, impertinent, or scandalous matters.  See Hill v. Cray Research, Inc., 864 F. Supp. 1070, 1073 (D.N.M. 1991); Fed. R. Civ. P. 12(f).  "[T]he district court could properly grant the motion to strike for the purpose of streamlining the ultimate resolution of the action and focusing the jury's attention on the real issues in the case." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993) (citation omitted), rev'd on other grounds, 510 U.S. 517 (1994).  "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ."  Sidney-Vinstein v. A.H. Robins, Co., 697 F.2d 880, 885 (9th Cir. 1983) (citations omitted).

Courts have recognized the efficacy of motions to strike, especially where the defense interposed is clearly insufficient.  See, e.g., Fabrica Italianc Lavorazione Materi Organiche, S.A.S. v. Kaiser Aluminum & Chem. Corp., 684 F.2d 776, 779 (11th Cir. 1982) (granting motion to strike because defense, as a matter of law, was insufficient) (citations omitted); Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1057-58 (5th Cir. 1982) (holding that a motion to strike is appropriate when a defense is insufficient as a matter of law), cert. denied, 459 U.S. 1105 (1983).  Rule 1 of the Federal Rules of Civil Procedure, the governing rule for civil matters before federal court, supports striking insufficient affirmative defenses.  See Fed. R. Civ. P. 1 (requiring the federal rules be "construed and administered to secure the just, speedy, and inexpensive determination of every action.").  Should a defendant be allowed to maintain clearly insufficient affirmative defenses, a "just, speedy and inexpensive determination" will be thwarted, because it will be necessary for, at a minimum, the plaintiff to conduct discovery on these defenses.

The standard for a motion to strike, however, is high.  At this early stage of the proceedings, BCI may not know all the facts that might support application of each of these defenses.  The law does not require BCI to demonstrate at this juncture all the particular facts and circumstances supporting application of these defenses, nor is the Plaintiff, Equal Employment Opportunity Commission ("EEOC"), entitled to seek elimination of these defenses simply because there are disputed issues of fact or law regarding their application to the issues in this case.  See, e.g., Etienne v. Wal-Mart Stores, Inc., 197 F.R.D. 217, 219-223 (D. Conn. 2000) (refusing to strike affirmative defense for insufficiency when parties clearly disputed legal sufficiency of affirmative defense); Gorwin v. Local 282, I.B.T., 838 F. Supp. 116, 118 (S.D.N.Y. 1993) ("A Rule 12(f) motion to strike an affirmative defense is generally disfavored.  Even when a motion presents a purely legal question, a court should be reluctant to resolve the issue on a motion to strike, and should prefer to address such issues after discovery and a hearing.").  The Court may grant a rule 12(f) motion to strike an affirmative defense only if the defense is patently defective and could not succeed under any set of circumstances.  See Hayes v. City of Des Plaines, 182 F.R.D. 546, 549 (N.D. Ill. 1998).  Striking a pleading is a drastic remedy, and the Court should resort to it only when required for the purpose of justice.  See Friends of Santa Fe County v. Lac Minerals, 892 F. Supp. 13333, 1343-44 (D.N.M. 1995) (refusing to strike defenses of laches, estoppel, and statute of limitations asserted against governmental entity).

## **FOUR AFFIRMATIVE DEFENSES**

In its response, BCI states: "The assertion of the defenses that are subject of the present motion arises from paragraph 7(a) of the Complaint, in which the plaintiff, Equal Employment Opportunity Commission ('EEOC'), asserts claims which are untimely and beyond the scope of the

charge of discrimination upon which this litigation is based."  Response at 1.  See id. at 3 ("BCI properly asserted several defenses based upon certain objections to the claims contained in Paragraph 7(a).").  The Court has dismissed the claims in paragraph 7(a) about which BCI complained.  See Memorandum Opinion and Order (filed August 19, 2003).  There is thus no longer a need for these four affirmative defenses.

## I.    THE REMAINING CLAIMS WERE TIMELY FILED.

In paragraph 13, BCI states:  "BCI affirmatively asserts that it did not subject Stephen B. Peters to an adverse employment action because of his race during his employment, and that any such allegation is barred by the applicable statute of limitation."  Answer ¶ 13, at 2.  The first part of this affirmative defense is a recitation of its general denial to the Plaintiff's Statement of Claims, specifically paragraphs 7(a) and 7(b) of the Complaint.  Because this is a denial, it should not be pled as an affirmative defense.  Because this part of the defense is redundant, the Court will strike it.

With regard to the statute of limitations, the EEOC's claims are brought on behalf of Stephen Peters pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(1) & (3). Title VII contains no statute of limitations provision.  Courts, however, discuss the time for the filing of an administrative charge of discrimination with the EEOC as somewhat analogous to the traditional statute of limitations.  See Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 394 (1982).  The Court assumes BCI intends to raise the issue whether Peters timely filed his charge.

In a deferral state,[1] such as New Mexico, charging parties have 300 days from the date of the discriminatory act(s) to file a charge of discrimination with either the EEOC or the state fair

---

[1] A deferral state is one "[w]here the EEOC defers to the enforcement efforts of a state agency empowered to undertake employment discrimination investigations."  Mascheroni v. Board of Regents of the University of California, 28 F.3d 1554, 1557 n.3 (10th Cir. 1994).

employment agency.  See Mascheroni v. Board of Regents of the University of California, 28 F.3d 1554, 1557 (10th Cir. 1994).   BCI terminated Peters from his position on October 5, 2001.  See Employee Termination Notice for Peters; Affidavit of Veronica Molina (executed April 11, 2003). Peters signed his charge of employment discrimination with the EEOC on October 10, 2001, only five days later.  See Peters' Charge of Discrimination.

In this case, BCI could only have a defense based on timeliness or a "statute of limitations" theory if there were some evidence that Peters did not contact the EEOC within 300 days of the alleged discrimination.  That is not the case.  The Court will strike BCI's first affirmative defense.

BCI contends that the timeliness defense is needed because the EEOC also seeks recovery for separate incidents of alleged discriminatory treatment against Peters dating back to October 1999. Discrete discriminatory acts under Title VII are not actionable if time-barred, even when they are related to acts alleged in timely filed charges.  See National RR Passenger Corp. v. Morgan, 536 U.S. 101, 112-113 (2002).  Each discrete discriminatory act starts a new clock for filing charges alleging that act.  The employee must, therefore, file his charge within the 300-day time period after the discrete discriminatory act occurred.  See id. at 113.

The EEOC has not alleged either the existence of a hostile work environment, nor a pattern or practice of discrimination by BCI.  The EEOC has not pled any other facts to support a theory that might arguably permit adjudication of alleged violations occurring outside the 300-day period.  Even if Peters' October 10, 2001 charge could be read to include occurrences other than the alleged wrongful termination, it would not be timely with respect to events occurring before the 300-day cutoff, which would be approximately mid-December 2000.  The Court, however, has already dismissed claims occurring in that time frame, because the EEOC did not meet the statutory

requirements for bringing a suit for such occurrences.  Thus, BCI no longer needs to assert this affirmative defense.

## II.     BECAUSE THE COURT HAS ALREADY DISMISSED THE CLAIMS IN 7(a), PARAGRAPH 14 OF BCI's ANSWER IS UNNECESSARY.

Paragraph 14 of BCI's Answer is based on Peters' failure to exhaust administrative remedies with respect to the claims in paragraph 7(a) of the Complaint.  Because the Court has dismissed the claims in paragraph 7(a) of the Complaint that do not involve the terms and conditions of employment contemporaneous with or immediately before the termination, this defense is no longer necessary. The Court will strike the second affirmative defense.

## III.    BCI'S ASSERTION OF THE DOCTRINES OF LACHES, UNCLEAN HANDS, ESTOPPEL, AND/OR WAIVER ARE BASED ON THE CLAIMS IN 7(a).

BCI presents no facts in support of the affirmative defense in paragraph 18.  BCI's assertion of the doctrines of laches, unclean hands, estoppel, and waiver are based upon the same facts and circumstances related to the claims in 7(a).  BCI  does not point to any other incidents that arguably implicate the equitable doctrines of estoppel, waiver, and unclean hands, and justifies the assertion of these affirmative defenses in this action.  The Court will strike paragraph 18 of BCI's Answer.

## IV.     THE AFFIRMATIVE ASSERTIONS IN PARAGRAPH 23 ARE NO LONGER NECESSARY.

In paragraph 23, BCI states:

> BCI affirmatively asserts neither it nor its attorneys has had the opportunity to fully investigate or participate in discovery and, as such, BCI reserves the right to amend this answer or include in any pretrial order such further affirmative defenses that may be applicable following completion of its investigation and discovery.

Answer ¶ 23, at 4.  This is not an affirmative defense.  See BLACK'S LAW DICTIONARY at 60 (6th ed. 1990).  BCI's failure to conduct any investigation would not be a defense to this claim.

-6-

BCI makes this statement because it contends more information will come to light if the EEOC is permitted to go forward with the claims in paragraph 7(a).  Because the Court has dismissed the claims in paragraph 7(a) that do not involve the terms and conditions of employment contemporaneous with or immediately before the termination , the EEOC is no longer bringing an action based upon claims that were not subject to investigation or discovery during the administrative phase of this proceeding.  The statements in paragraph 23 of the Answer are now unnecessary, and the Court will strike them.

**V.      PREJUDICE IS POSSIBLE IF THESE DEFENSES REMAIN.**

If defenses without any bases remain in a case, they may deny the parties a speedy and inexpensive resolution of the matter.  Peters and the EEOC may be prejudiced, because their time and resources could be diverted from Peter's termination claim.  They might be forced to conduct discovery on the insufficient defenses or otherwise respond to them.  Moreover, the inclusion of these defenses at trial would unnecessarily divert the attention of the jury from the real issues in this case and might require a lengthier trial than is necessary.  See, e.g., Fantasy, Inc. v. Fogerty, 984 F.2d at 1527.  See also SEC v. Toomey, 866 F. Supp. 719, 722 (S.D.N.Y. 1992) ("Increased time and expense of trial may constitute sufficient prejudice to warrant granting plaintiff's Rule 12(f) motion."); FDIC v. Eckert Seamans Cherin & Mellott, 754 F. Supp. 22, 23 (E.D.N.Y. 1990) (holding that, when "the defense is insufficient as a matter of law, the defense should be stricken to eliminate the delay and unnecessary expense from litigating the invalid claim.").

WHEREFORE, IT IS ORDERED that the Plaintiff's Opposed Motion to Strike Affirmative Defenses is granted and that the affirmative defenses found in paragraphs 13, 14, 18 and 23 of Defendant BCI Coca-Cola Bottling Company of Los Angeles' Answer are stricken.

_____
UNITED STATES DISTRICT JUDGE

Counsel:

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Mary Jo O'Neill
C. Emanuel Smith
Phoenix District Office
Phoenix, Arizona

Veronica A. Molina
Loretta F. Medina
Albuquerque District Office
Albuquerque, New Mexico

*For Plaintiff*

MILLER & MARTIN, LLP
E. Todd Presnell
Kara E. Shea
Nashville, Tennessee

MOODY & WARNER, P.C.
Christopher M. Moody
Albuquerque, New Mexico

*For Defendant*