IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

        Plaintiff,

v.                                                                                              No. CIV-02-1644 JB/LFG

BCI COCA-COLA BOTTLING COMPANY
OF LOS ANGELES, d/b/a PHOENIX COCA-
COLA BOTTLING COMPANY and COCA-
COLA  BOTTLING COMPANY OF
ALBUQUERQUE,

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiff's Opposed Motion for Clarification of Court's Memorandum Opinion and Order Entered on August 19, 2003 (Doc. No. 35).  The primary issue is whether the Court's prior ruling will have any effect on the introduction of evidence of comparative treatment that occurred on some date before the Charging Party's termination. Because the Plaintiff Equal Employment Opportunity Commission ("EEOC") does not seek clarification of this Court's ruling but rather seeks an advisory opinion on the admissibility of as yet unidentified evidence at the trial of this matter, the Court denies the motion.

## ANALYSIS

On August 19, 2003, this Court entered an order granting Defendant's Opposed Motion to Dismiss Claims Due to Lack of Subject Matter Jurisdiction and dismissing claims contained in paragraph 7(a) of the Complaint.  See Memorandum Opinion and Order at 19 (Doc. No. 28).

Specifically, the Court stated: "[T]he claims contained in paragraph 7(a) of the Complaint that do not involve the terms and conditions of employment contemporaneous with or immediately before the termination are hereby dismissed." Memorandum Opinion and Order at 19. The remaining claims involve allegations of disparate treatment.

The EEOC anticipates the need at trial of this case to offer evidence regarding the treatment of similarly situated non-African American employees. The EEOC contends that the dismissal of those claims asserted in paragraph 7(a) of the Complaint should not preclude the admission of otherwise admissible evidence regarding time, attendance, and leave issues relative to other employees. Out of an abundance of caution, the EEOC seeks clarification whether the prior ruling in this case regarding paragraph 7(a) has any effect on evidence of comparative treatment that occurred on some date before the Charging Party's termination. Specifically, the EEOC requests this Court clarify whether the Court's dismissal of paragraph 7(a) of the EEOC's complaint will limit the EEOC's discovery or use of comparative evidence in the prosecution of the remaining claim. In its reply, the EEOC states: "[T]he intended result of the Plaintiff's motion is that the Court's Order not preclude the admission of otherwise admissible evidence." Reply at 1.

The EEOC styles its motion as one to clarify, but moves under rule 59(e) of the Federal Rules of Civil Procedure, which allows for motions to alter or amend the judgment to be filed within ten days of entry of judgment. See Fed. R. Civ. P. 59(e). Under rule 54, "judgment" includes a decree or order from which an appeal lies. See Fed. R. Civ. P. 54. No appeal lies from the Order in this case under rule 54(b), because the Court did not direct entry of judgment on the dismissed claims upon an express determination that there was no just reason for delay. See Fed. R. Civ. P. 54(b). Accordingly, rule 59(e) is not available to the EEOC at this stage. See 12 James W. Moore, Moore's Federal Practice § 59.31[5] (3d ed. 1997)(noting that a "judgment" under rule 59(e) is one fitting the

requirements of rule 54).

In any case, motions to alter or amend the judgment are appropriately made where they involve "reconsideration of matters properly encompassed in a decision on the merits." White v. N.H. Dep't of Employment Sec., 455 U.S. 445, 451 (1982)(emphasis added). The Court finds that changing or altering its judgment is inappropriate and unnecessary here because the Court did not make any discovery or evidentiary rulings in its August 19th Order, nor were any discovery or evidentiary matters properly before the Court at that time. There is nothing to clarify, because the Court in its prior order did not make any ruling on what the EEOC could discover or what it could do with evidence at trial.

What the EEOC in fact seeks is for the Court for the first time to make a discovery ruling or an evidentiary ruling. There is, however, no such dispute before the Court. Until the parties file some motion regarding a specific discovery dispute or attempt to introduce some evidence, there is no need for a ruling on those issues.

"It is fundamental that federal courts do not render advisory opinions and that they are limited to deciding issues in actual cases and controversies." United States v. Burlington Northern R.R., 200 F.3d 679, 699 (10th Cir. 1999). See United Public Workers of Am. v. Mitchell, 330 U.S. 75, 89 (1947)("As is well known the federal courts established pursuant to Article III of the Constitution do not render advisory opinions."). This maxim applies here. The Defendant has not indicated whether it will oppose discovery on these issues or whether it will oppose introduction of any evidence discovered. The EEOC has not brought to the Court's attention any specific pieces of evidence potentially subject to discovery that are currently in dispute.

The Court does not have any briefing or context to decide whether discovery on these issues would be appropriate or whether any particular evidence should be admitted at trial. Counsel usually

learn where the Court stands on evidentiary issues by serving discovery, filing motions to compel, and filing motions in limine.  The Court does not have those usual tools in front of it in this situation to make an informed decision.

The EEOC seeks this Court's opinion on evidentiary matters that are not yet in actual controversy, not ripe for adjudication, and may never be.  A ruling on evidentiary matters at this stage of this litigation is premature.  See Norvell v. Sangre de Cristo Devel. Co., 519 F.2d 370, 375 (10th Cir. 1975)("A justiciable controversy is distinguished from a difference or dispute of a hypothetical character or from one that is academic.  The controversy must be one admitting to specific relief through a decree of a conclusive character, subject to judicial review.").  The Court reserves any evidentiary rulings until an appropriate discovery motion is filed or until trial.

The EEOC indicates that it sought clarification of this matter at this time because the Court's opinion would result in judicial economy as the scope of the Court's ruling would be clear.  The Court fears, however, that a ruling on discovery or evidence without a concrete dispute before it could be confusing and perhaps lead to error.  Moreover, such a ruling would violate the prohibition against issuing advisory opinions on potential future controversies not yet ripe for adjudication.

To assist the parties and to maximize judicial efficiency, however, the parties are directed to bring any discovery disputes in this matter directly to the attention of the United States District Judge by calling his courtroom deputy who will then set up a telephone conference.  If the Court cannot quickly resolve the matter over the telephone, it will ask for letters on a short time deadline.  This procedure will obviate the need to file motions or to go before a magistrate that did not write the prior opinion and will not be trying the case.

**IT IS ORDERED** that the Plaintiff's Motion for Clarification of the Court's Memorandum Opinion and Order Entered on August 19, 2003 is denied.

_____
UNITED STATES DISTRICT JUDGE

Mary Jo O'Neill
C. Emanuel Smith
Equal Employment Opportunity Commission
Phoenix, Arizona

--and–

Veronica A. Molina
Loretta F. Mediana
Equal Employment Opportunity Commission
Albuquerque, New Mexico

   Attorneys for the Plaintiff

E. Todd Presnell
Kara E. Shea
Miller & Martin LLP
Nashville, Tennessee

Christopher M. Moody
Moody & Warner, P.C.
Albuquerque, New Mexico

   Attorneys for Defendant