IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

       Plaintiff,

vs.                                                                No. CIV-02-1644 JB/RJS

BCI COCA-COLA BOTTLING COMPANY
OF LOS ANGLES, d/b/a PHOENIX
COCA-COLA BOTTLING COMPANY
and COCA-COLA BOTTLING
COMPANY OF ALBUQUERQUE,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiff's Motion to Quash Subpoena and/or Motion for Protective Order and Request for Expedited Ruling, filed November 28, 2007 (Doc. 107). The primary issue is whether the Court should allow Defendant BCI Coca-Cola Bottling Company of Los Angles to take three depositions of witnesses, beyond the discovery period, because the parties allegedly agreed to allow these depositions. Because the Court finds that Plaintiff Equal Employment Opportunity Commission agreed to allow two of the depositions, but not all three, the Court will grant the motion in part and deny the motion in part.

## PROCEDURAL BACKGROUND

The EEOC filed this lawsuit on behalf of Stephen Peters, a former BCI Coca-Cola employee, in 2002, alleging race discrimination. See Complaint, filed December 30, 2002 (Doc. 1). In 2003, the EEOC's Interrogatory No. 12 to BCI Coca Cola sought financial information for the year 2003. See Plaintiff EEOC's Reply to Defendant's Response to Plaintiff's Motion to Quash Subpoena

and/or Motion for Protective Order and Request for Expedited Ruling, filed December 11, 2007 (Doc. 117)("Reply").

The EEOC identified, and properly disclosed, three witnesses before the discovery deadline: (i) Bryan Esquibel; (ii) James Young; and (iii) Michael Wilson.  See Plaintiff Equal Employment Opportunity Commission's First Supplemental Initial Disclosures at 2 (dated November 20, 2003); Certificate of Service, filed November 21, 2003 (Doc. 47); Plaintiff Equal Employment Opportunity Commission's Second Supplemental Initial Disclosure at 1-2 (dated January 26, 2004); Certificate of Service, filed January 26, 2004 (Doc. 58).  Specifically, the EEOC disclosed Young's name on approximately November 20, 2003.  See Plaintiff Equal Employment Opportunity Commission's First Supplemental Initial Disclosures at 2 (dated November 20, 2003); Certificate of Service, filed November 21, 2003 (Doc. 47).  On January 26, 2004, however, five days before the close of discovery, the EEOC disclosed witnesses Wilson and Esquibel for the first time.  See Plaintiff Equal Employment Opportunity Commission's Second Supplemental Initial Disclosure at 1-2 (dated January 26, 2004); Certificate of Service, filed January 26, 2004 (Doc. 58); Amended Initial Pretrial Report at 1, filed January 7, 2004 (Doc. 57).

Pursuant to the Amended Initial Pre-Trial Report, the discovery deadline was January 31, 2004.  See Amended Initial Pretrial Report at 1, filed January 7, 2004 (Doc. 57).  At no time before the close of discovery did BCI Coca-Cola seek to depose these three witnesses.  Given the discovery time constraints and other strategic considerations, BCI Coca-Cola opted not to request a discovery deposition extension of time from the Court to conduct such depositions.  See Defendant's Response to Plaintiff's Motion to Quash Subpoena and/or Motion for Protective Order at 2, filed December 4, 2007 (Doc. 112)("Response").  Instead, BCI Coca-Cola moved for summary judgment on the

extant evidence.  See id.  In contrast, and in a gesture of good faith, BCI Coca-Cola agreed to a limited two-week extension of discovery to allow the EEOC to conduct follow-up depositions on two of BCI Coca-Cola's witnesses based on a January 28, 2004 supplemental disclosure.  See Defendant's Unopposed Motion to Extend Discovery and Pretrial Motion Deadlines, filed February 6, 2004 (Doc. 61); Order, filed February 6, 2004 (Doc. 62).

In response to BCI Coca-Cola's motion for summary judgment, the EEOC attached supporting affidavits of Esquibel, Young, and Wilson alleging incidents of racial animus.  See Memorandum Order and Opinion at 13-14, filed June 10, 2004 (Doc. 81).  Notwithstanding that evidence in 2004, the Court granted summary judgment on other grounds and dismissed the case. See id. at 37-38.  The United States Court of Appeals for the Tenth Circuit reversed the Court's summary judgment and remanded the matter for trial.  See E.E.O.C. v. BCI Coca-Cola Bottling Co. of Los Angeles, 450 F.3d 476, 492 (10th Cir. 2006).

Upon remand, BCI Coca Cola immediately made the Court and the EEOC aware that it wanted to conduct limited discovery.  Specifically, BCI Coca-Cola's counsel informed the Court that BCI Coca-Cola wanted to re-depose Peters and three additional witnesses -- Esquibel, Wilson, and Young -- that the EEOC allegedly disclosed towards the end of discovery.  See Clerk's Minutes, filed July 25, 2007 (Doc. 101).  Immediately before a Status Conference on July 20, 2007, the EEOC's counsel, Veronica A. Molina, and BCI Coca Cola's local counsel, Christopher Moody, discussed the issue of the three witnesses, at which time Ms. Molina informed Mr. Moody that the EEOC would not agree to their depositions, because the EEOC had disclosed the witnesses to BCI Coca Cola before the close of discovery in 2004.  See Reply at 2 n.1.

All counsel were present at the Status Conference on July 20, 2007.  The Clerk's Minutes

reflect the following exchange:

> Court:  Alright.  Asks is discovery is completed?  Recalls had decided MSJ.
>
> Mr. Moody:  Has been several years since Mr. Peters was deposed.  Would like to re-depose him and notes there were 3 witnesses disclosed by the EEOC towards end of discovery may want to depose -- understands EEOC wants additional discovery.
>
> Ms. Molina.  Agree.  Suggests parties can work out on the additional witnesses.

Clerk's Minutes, filed July 25, 2007 (Doc. 101)("July 25, 2007 Clerk Minutes").  The July 25, 2007

Clerk Minutes reflect that Veronica Monica, the EEOC's attorney, agreed to the three depositions

and indicated to the Court that the parties would work out scheduling the additional witnesses.

The audio recording of the exchange, however, reflects something different:

| THE COURT: | Let's figure out what needs to be done.  Are we done with discovery?  I decided a motion for summary judgment which usually comes after discovery is determined in a case.  What's left to be done? |
| --- | --- |
| MR. MOODY: | Your Honor, it's been several years, I guess, since, since the Defense deposed Mr. Peters, who is the employee, on who's behalf the EEOC brought the case.  So one thing that probably needs to be done is that we redepose him to see in the intervening period of time what his employment and earnings have been.  Um, I believe there were three witnesses that were disclosed by the EEOC at the very end of [the] discovery period and we did not make an issue of it at the time because we had the motion for summary judgment prepared.  Uh, since the case is going to proceed to trial now, I believe that we would like to take their depositions.  I think Ms. Molina told me that, uh, uh, they have some additional discovery that they would like to do, too.  So I think there is some, but not a lot. |
| THE COURT: | You all in agreement that there should be some more discovery? |
| MS. MOLINA: | Yes, Your Honor.  With regards to Mr. Peters, um, we would agree that, um, for purposes of updating his employment and earnings, uh, since his, um, last deposition, I would agree with that.  With regard to the three witnesses, um, if we did disclose |

-4-

|  | them towards the end of discovery I would agree that, they would probably need to be deposed, but I am not sure if it was prior to the end of discovery that we disclosed them.  But we can, we can figure that out. |
|---|---|
| MR. MOODY: | What I guess I would request the Court to do is to set a fairly short discovery period and then the parties can work any disputes we may have, and if we can't, then we can come to you, Your Honor. |
| THE COURT: | What do you all suggest?  30 days? 60 days?  What are you looking for? |
| MR. MOODY: | Well, we're in the middle of summer here and everybody is going off on vacation so I think we ought to have 60 days anyway. |
| THE COURT: | Is that agreeable? |
| MS. MOLINA: | I would agree with that.  Yes. |
| THE COURT: | Alright.  Well let's do, discovery will end on, how about, how about, September 21st, end of business, that's a Friday.  Is that agreeable with everybody?  Ms. Molina? |
| MS. MOLINA: | Well, Your Honor, um, I'm looking at my calendar and I just, I just realized that the government's fiscal year ends on September 30th, so that may pose a problem for us getting, um, funding for additional discovery.  Would it be agreeable, and I apologize, I should have said this, uh, instead of 60 days, 75 days to mid-October?  I may have a better chance on not having problems getting funding for |
| THE COURT: | You want to do the end of business on October 15th? |
| MR. MOODY: | No objection, Your Honor. |
| MS. MOLINA: | That would be better, Your Honor.  Thank you. |
| THE COURT: | Alright, so we will have discovery end at the end of business on October 15th.  Then Ms. Sanchez will calculate some deadlines, and we'll see if I can maybe do it, how about discovery, discovery motions will be due no later than November 5, 2007. |

Federal Digital Tape Recorder ("FTR") at 11:19:38-11:23:03 (Court, Moody & Molina).[1]

After the Status Conference, the EEOC's counsel restated its position concerning the three witnesses to Mr. Moody, but informed Mr. Moody that the EEOC's counsel would confirm that the three witnesses were disclosed before the 2004 discovery deadline. See Reply at 2 n.1. The EEOC's counsel subsequently confirmed that it had disclosed the three witnesses before the close of discovery and notified BCI Coca-Cola of that fact. See id. Since the Status Conference in July, 2004, the EEOC's counsel has had several telephone conversations with BCI Coca-Cola's counsel concerning the EEOC's objection to the three depositions. See id. at 2 n.3. There were also a number of e-mails exchanged between counsel. See Reply, Exhibits 1, 2, and 3. The individual e-mails are summarized below.

To secure the depositions that it sought, BCI Coca-Cola attempted to schedule the depositions of the three witnesses in early October in accordance with what it believed to be the discovery deadline of October 15, 2007. See Response at 2. To preserve that deadline, BCI Coca-Cola properly noticed the depositions and properly served subpoenas on two of the witnesses. See id. Then there was an exchange of e-mails:

    1.    09/24/2007: e-mail from Ms. Molina to Mr. Presnell, stating that she had learned that BCI Coca Cola had issued subpoenas to Esquibel and Young, confirming the parties' discussion during the prior week regarding the EEOC's objection to these depositions, and restating its position that the EEOC objects to the depositions; Ms. Molina

---

[1] The hearing was recorded on tape rather than by written transcript. The Court is, therefore, unable to provide pinpoint transcript citations to the dialogue at the hearing. The Court instead cites to the record meter.

inquiring as to subpoenas issued to the witnesses.  See Reply, Exhibit 1 at 4.

2.    9/25/2007: e-mail response from Mr. Presnell to Ms. Molina; subpoenas to the witnesses issued because of the "impending discovery deadline."  No mention of any agreement.  See id. at 2-3. Mr. Presnell wrote: "I propose that we enter into an Agreed Order extending the deadline until November 30 to ensure that we get these accomplished."  Id.

3.    9/26/2007: e-mail response form Ms. Molina to Mr. Presnell again restating EEOC's objection to the depositions.  See id. at 2.  Ms. Molina also asked Mr. Presnell to withdraw BCI Coca-Cola's October 11th deposition notices and noted that she would be out of town from October 10 to October 12, 2007.  See id.  Ms. Molina informed Mr. Presnell that she would file motions for protective orders if he would not agree to withdraw the October 11th notices and subpoenas.  See id.  Ms. Molina noted that the EEOC was not opposed to an extension of the discovery deadline, because she had another discovery deadline in October, and indicated that Mr. Presnell's suggestion of November 30th was fine.  See id.

4.    10/01/2007: e-mail response from Mr. Presnell to Ms. Molina stating: "The topic was raised before Judge Browning at our status conference, and I believe that we are entitled to depose Young, Esquibel, and

Wilson . . . ." <u>Id.</u> at 1.  No mention of any agreement.  While he would not withdraw his subpoenas, Mr. Presnell indicated that, because of Ms. Molina's scheduling conflicts, that he would reschedule the depositions.  <u>See id.</u>  He also agreed to prepare a motion and order to extend the discovery deadline.  <u>See id.</u>

5.  10/01/2007: e-mail response from Ms. Molina to Mr. Presnell, again restating the EEOC's objections to the depositions.  <u>See id.</u>  Ms. Molina asked Mr. Presnell to provide the basis for its position that BCI Coca-Cola is entitled to depose the three witnesses.  <u>See id.</u>

6.  10/11/2007: e-mail from Repps Stanford, counsel for BCI Coca-Cola, submitting to the EEOC for review a proposed joint motion and order to extend case deadlines.  <u>See</u> Reply, Exhibit 2.  No mention of any prior agreement.

7.  10/11/2007: e-mail from Ms. Molina to Mr. Presnell concerning deposition dates for Peters, and BCI's draft motion and order to extend the deadlines; Ms. Molina states: "I revised the motion to include the other dates set by the court during the status conference in July.  I also included the fact that EEOC objects to the depositions of Young, Wilson, and Esquibel."  Reply, Exhibit 3 at 2-3.

8.  10/15/2007: e-mail from Mr. Presnell to Ms. Molina concerning deposition dates for Peters, and the motion and order to extend the deadlines; Mr. Presnell states: "I don't believe this is the avenue to

raise and argue whether the objections are valid or invalid; rather, that

should be contained in a discovery motion.  Here, we just need

to get the deadlines moved and the depositions set according to our

calendars and then, if a discovery issues still exists [sic], raise it is

[sic] a second motion."  Id. at 1. No mention of a prior agreement.

9.    10/15/2007: e-mail response from Ms. Molina to Ms. Presnell

regarding the draft motion and order to extend deadlines.  See id. at 1.

Mr. Presnell wrote: "I think we should just advise the court that we

need more time for discovery motion deadlines.  I don't believe this

is the avenue to raise and argue whether the objections or valid or

invalid; rather, that should be contained in a discovery motion."  Id.


10.    10/15/07: e-mail response from Ms. Molina to Mr. Presnell, stating

that: "We can ask the court for an extension and later bring to the

court's attention any discovery issues."  Id.  Ms. Molina asked either

Mr. Presnell or Mr. Stanford to send her a revised motion for review.

Id.

11.    10/15/2007: e-mail response from Mr. Sanford to Ms. Molina that the

EEOC's objections to the depositions would be included in the

motion: "Veronica, I will make the changes regarding the deposition

objections. . . ."  Id.

The parties indicated to the Court their intent to conduct limited discovery, and filed their

Joint Motion to Extend Discovery and Motions Deadlines and to Vacate the Motions Hearing and

Pretrial Conference on October 15, 2007.  See Doc. 102 ("Joint Motion").  The parties jointly moved

to extend the discovery deadline to November 30, 2007, to "permit the parties to conduct a few select

depositions and limited written discovery."  Id.  The Joint Motion noted that BCI Coca-Cola had

requested the depositions of Wilson, Esquibel, and Young, but also noted that:

> Without conferring with EEOC, BCI noticed the depositions for October 11, 2007 in
> order to preserve the date before the deadline ran, but counsel for EEOC was not
> available that day.  Nevertheless, BCI has requested EEOC counsel's availability for
> purposes of rescheduling the depositions.  The parties are working together to set
> deposition dates available to both.

Id. ¶ 2, at 2. The Joint Motion stated that "BCI and [the] EEOC will need additional time to resolve

independent objections to the taking of the depositions of Wilson, Young, and Esquibel, which EEOC

will address in separate motion."  Id. ¶ 3, at 2.  Last, the Joint Motion explained that: "In any event,

the requested discovery extension should afford BCI ample time to complete the depositions and

EEOC ample time to address its issue concerning the depositions of Wilson, Young, and Esquibel."

Id.

BCI contends that, before issuing the present subpoenas, which are the subject of this dispute,

BCI Coca-Cola's counsel conferred in good faith with the EEOC's counsel and obtained available

dates, not only for the three witnesses, but also for one of BCI Coca-Cola's witnesses that the EEOC

requested to re-depose.  See Response at 3.  BCI Coca-Cola then, timely and properly, served the

deposition notices and subpoenas.  See id.  All three were scheduled for one-hour sessions on the

morning of December 6, 2007.  See id.  The EEOC scheduled, with BCI Coca-Cola's concurrence,

the deposition of Sherry Pederson, Senior Human Resources Administrator for BCI Coca-Cola, for

the purpose of updating prior discovery that the EEOC had conducted.  See Unopposed Motion to

Extend Pretrial Discovery and Pretrial Motions Deadlines, filed February 6, 2004 (Doc. 61).  BCI

Coca-Cola also scheduled, with the EEOC's concurrence, the deposition of Peterson for the purpose

of updating Peterson's back-pay information.

The EEOC filed a Motion to Quash BCI Coca-Cola's subpoenas on November 28, 2007.  <u>See</u>

Motion to Quash Subpoena and/or Motion for Protective Order and Request for Expedited Ruling,

filed November 28, 2007 (Doc. 107)("Motion").  Mr. Moody represents that he did not receive a copy

of the EEOC's motion through electronic service and/or email notification, and learned of the motion

on December 4, 2007 only when the notices of non-appearance were untimely served.  <u>See</u> Response

at 3 n.3.  On December 4, 2007, the EEOC filed notices of non-appearance.  <u>See</u> Docs. 108-110.  The

notices failed to comply with the five-day requirement of D.N.M. LR.-Civ. 30.2, and the EEOC does

not, and cannot, represent the deponents.  <u>See</u> Response at 3.

Thus, BCI Coca-Cola is seeking to depose three witnesses -- Esquibel, Young, and Wilson --

on December 6, 2007.  <u>See</u> Response at 4.  The parties have conferred, but have not been able to

resolve this matter and thus seek the Court's assistance.  <u>See</u> Motion ¶ 5, at 2-3; Response 6.  Because

the depositions were scheduled for December 6, 2007, the parties sought an expedited ruling and/or

hearing from the Court.  <u>See</u> Motion ¶ 5, at 2-3.

The EEOC moves the Court, pursuant to rules 26(c) and 45 of the Federal Rules of Civil

Procedure, for an order prohibiting BCI Coca-Cola from deposing the three witnesses.  <u>See</u> Motion

at 1.  The EEOC objects to BCI Coca-Cola deposing these three witnesses, because they were

disclosed to BCI before January 31, 2004.  <u>See</u> <u>id.</u> ¶ 2, at 2.  The EEOC further requests an expedited

ruling.  <u>See</u> Motion ¶ 5, at 2-3.

On December 4, 2007 -- two days before the scheduled depositions -- BCI Coca-Cola filed

a response, arguing that the Court should timely deny the EEOC's motion and sanction the EEOC for engaging in discovery misconduct.  See Response at 6.  The substance of BCI Coca Cola's response is based on its factual assertion that, during the Status Conference held on July 20, 2007, the EEOC agreed to allow BCI Coca Cola to depose three witnesses -- Esquibel, Wilson, and Young. See Response at 2-3.

On December 7, 2007, the Court entered a Scheduling Order that reflected the rulings made at the July 20, 2007 Status Conference.  See Scheduling Order, filed December 7, 2007 (Doc. 114). The termination date for discovery was set for October 15, 2007.  See id. at 1.  The Court stated that motions relating to discovery, including, but not limited to motions to compel and motions for protective order, shall be filed with the Court and served on opposing parties by November 5, 2007. See id.

The EEOC informed the Court's Courtroom Deputy Clerk that it wanted to file a reply to BCI Coca-Cola's response.  On December 11, 2007, the EEOC, pursuant to D.N.M. LR-Civ. 7.3, submitted its reply.  See Plaintiff EEOC's Reply to Defendant's Response to Plaintiff's Motion to Quash Subpoena and/or Motion for Protective Order and Request for Expedited Ruling, filed December 11, 2007 (Doc. 117).  On December 12, 2007, the EEOC filed a Notice of Completion of Briefing.  See Doc. 118.  The EEOC stated that briefing was completed on its motion to quash subpoena and/or motion for protective order.  See id.

The EEOC states, on information and belief, that it and BCI Coca-Cola have made unsuccessful attempts to contact the Court to schedule a telephone conference with the Court regarding this discovery dispute.  See Reply at 5.  The parties attempted to schedule a telephone conference with the Court, however, while the Court was in Roswell, New Mexico for a jury trial on

an unrelated matter.

## ANALYSIS

The record demonstrates that, while the agreement is not as clear as it could have been, the EEOC agreed to allow the depositions of Esquibel and Wilson at the Status Conference, but that there was no agreement on Young.  There is also no sound reason to allow, in the absence of agreement, a deposition of Young.  Accordingly, the Court will preclude the deposition of Young, but allow BCI Coca-Cola to depose Esquibel and Wilson.

I.      **THE EEOC HAS SUBSTANTIALLY COMPLIED WITH THE LOCAL RULES AND PROPERLY PRESENTS THE DISPUTE ABOUT THE THREE DEPOSITIONS TO THE COURT FOR RESOLUTION.**

While the EEOC untimely filed its notices of non-appearance, it timely filed its motion for protective orders.  The EEOC has substantially complied with the local rules, and the Court will proceed to resolve the deposition dispute.  Moreover, while the EEOC does not represent the three witnesses, the EEOC has sufficient interest in their depositions to provide the EEOC with standing to advance the arguments that it makes in its motion.

A.      **THE EEOC'S NOTICES OF NON-APPEARANCE WERE UNTIMELY FILED, BUT THE MOTION FOR PROTECTIVE ORDER WAS TIMELY FILED.**

The EEOC untimely filed notices of non-appearance, filing them less than five days before the scheduled depositions.  The notices thus fail to comply with Local Rule 30.2.  See D.N.M. LR.-Civ. 30.2 ("Failure of a deponent to appear at the time and place designated may be regarded as a willful failure to appear pursuant to Fed. R. Civ. P. 37(d) or contemptible conduct pursuant to Fed. R. Civ. P. 45(e), unless a motion for protective order and a notice of non-appearance are served at least five (5) calendar days before the scheduled deposition . . . .").  The EEOC timely filed, however,

the Plaintiff's Motion to Quash Subpoena and/or Motion for Protective Order and Request for Expedited Ruling.  This fact, coupled with the numerous discussions between the parties concerning the EEOC's objections to the depositions, demonstrates the EEOC's substantial compliance with Local Rule 30.2.  While BCI Coca-Cola's position on this point has merit, the Court believes that the EEOC has properly preserved and presented the issue for judicial resolution.

**B.      THE EEOC HAS SUFFICIENT INTEREST IN THE DEPOSITIONS TO GIVE IT STANDING TO ADVANCE THE ARGUMENTS IN ITS MOTION FOR PROTECTIVE ORDER.**

The EEOC filed its notices on behalf of the deponents.  See Docs. 108-110.  The EEOC does not represent the three deponents.  BCI Coca-Cola contends that the EEOC has no standing to file pleadings on their behalf or to inform the Court that the deponents will not be attending their properly noticed depositions.  See Response at 3.  BCI Coca-Cola argues that the EEOC potentially put the deponents at risk of contempt if they failed to appear.  See id. at 5-6.  BCI Coca-Cola maintains that the EEOC's position is inappropriate.  See id. at 6.

District courts may issue a protective order if "justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c).  See Miller v. Regents of the Univ. of Colo., 88 F.3d 518 (Table), 1999 WL 506520 at *11-12 (10th Cir. July 19, 1999) ("The district court is in the best position to weigh these variables because, unlike an appellate court, the district court has the ability to view firsthand the progression of the case, the litigants, and the impact of discovery on parties and nonparties.").  While BCI Coca-Cola correctly notes that the EEOC does not represent the three deponents, the Court is not prepared to say that the EEOC lacks standing to file pleadings that arguably might benefit the deponents or be on their behalf.  The EEOC timely disclosed the three deponents as witnesses to testify in this matter.

The EEOC has an interest in protecting its witnesses in this situation, and in doing so, the EEOC is protecting its own interest in the case. Moreover, the EEOC, as a party, may move for a rule 26(c) protective order.   "Rule 26(c) expressly limits who may move for a protective order to parties or the person from whom discovery is sought."  Securities and Exchange Commission v. Dowdell, 144 Fed.Appx. 716, 722 (10th Cir. 2005).  See id. at 722-723 (noting that a third party normally may not move for a rule 26(c) protective order if it is not a party to the underlying action, has not intervened, and is not the party from whom discovery is sought); Gulfstream Worldwide Realty, Inc. v. Phillips Electronics N. Am. Corp., No. CIV 06-1165, Memorandum Opinion and Order at 6-7, filed October 24, 2007 (Doc. 104)(explaining that "[u]nder the facts and circumstances of the case, the burden or expense of requiring [a third party] to retain and produce [its] backup tapes outweighs any benefit that could flow from retaining them" and as such it should assert its own interests and understanding of the facts and circumstances of the backup tapes it sought to protect).

## II.   THE EEOC AGREED TO THE DEPOSITIONS OF ESQUIBEL AND OF WILSON, BUT NOT TO THE DEPOSITION OF YOUNG.

The Court is aware that the EEOC and BCI Coca-Cola have cooperated in setting most of the depositions in this case, both before and after the remand.  The record does not, however, support a finding that the EEOC agreed to all three of the depositions that BCI Coca-Cola now seeks.  Thus, there remains a dispute about the understanding, if any, whether the EEOC agreed to allow BCI Coca-Cola to depose the three witnesses outside of the 2004 discovery deadline.

### A.   THE EEOC AGREED TO THE DEPOSITIONS OF ESQUIBEL AND WILSON.

The position that BCI Coca-Cola is taking with respect to all three witnesses lacks support in the record.  On the other hand, the EEOC's position that it did not agree to allow any depositions

also lacks support in the record.  What the record supports is an agreement to allow two depositions, but not a third.

The EEOC maintains that, by e-mail communication between BCI Coca-Cola's counsel and the EEOC's counsel, the EEOC has consistently communicated its position to BCI Coca-Cola.  There is no dispute that the EEOC has objected to the three depositions in the past.  See Reply at 2.  The EEOC has objected in telephone communications, e-mail communications, and in pleadings.  See Joint Motion to Extend Discovery and Motions Deadlines and to Vacate the Motions Hearing and Pre-Trial Conference ¶¶ 2-3, at 2; Reply at 2-4; Reply, Exhibits 1, 2, and 3.  In no prior communication between the parties, nor in any pleading before its response, did BCI Coca-Cola mention that the EEOC had agreed to the depositions at the status conference.  See Response at 2; Reply at 2-4; Reply, Exhibits 1, 2, and 3. Joint Motion at ¶ 3, at 2.

Nevertheless, the Court believes that a review of the exchange at the July 20, 2007 Status Conference confirms the existence of an agreement to take the depositions of Esquibel and Wilson, but not of Young.  See FTR at 11:19:38-11:23:03 (Court, Moody & Molina).  While the EEOC maintains that it has continually objected to the depositions of Esquibel, Wilson, and Young, and that the EEOC's position on this matter has never changed, the Court does not believe that it made that objection clear to the Court or to BCI Coca-Cola at the July 20, 2007 Status Conference.  The Court believes that a fair reading of the transcript of the July 20, 2007 Status Conference is that the EEOC agreed to Esquibel's and Wilson's deposition, but not to Young's.

While the EEOC asserts that it continually objected to the three depositions at this stage of the litigation, it did not object at all before the Court, and did not express any opposition as long as the EEOC had disclosed the names shortly before the discovery deadline in 2004.  See FTR at

-16-

11:19:38-11:23:03 (Court, Moody & Molina). The EEOC did not assert -- before the Court -- that it would oppose the deposition of all three witnesses because they were disclosed before the end of discovery in January 2004.  See id.

**B.    THERE IS NO SOUND REASON, IN LIGHT OF THE EEOC'S AGREEMENT, TO OTHERWISE FORECLOSE THE DEPOSITION OF ESQUIBEL AND WILSON.**

While the EEOC maintains that the minutes do not reflect any such agreement because there was no agreement concerning the three witnesses, see Reply at 2, the Court believes that BCI Coca-Cola correctly asserts that the Court Clerk's minutes of the Status Conference on July 20, 2007 may be fairly read to reflect an agreement by the EEOC allowing BCI Coca-Cola to depose Esquibel, Wilson, and Young.  See Clerk's Minutes, filed July 25, 2007 (Doc. 101).  The transcript of the exchange, however, reflects that the EEOC did not agree to the deposition of witnesses who were disclosed early in the 2003-2004 discovery process.  See FTR at 11:19:38-11:23:03 (Court, Moody & Molina).  The Court believes that the digital audio recording is more accurate and governs the agreement between the parties.

The basis of the EEOC's motion is that it timely disclosed the three witnesses in November 2003 and January 2004, within the original discovery deadline, and therefore discovery is no longer permissible.  See Reply at 4.  It is true that the EEOC disclosed the three witnesses before the close of discovery in January of 2004.  But the EEOC did not disclose the witnesses at the same time.  The EEOC did not disclose two of the names -- Esquibel and Wilson -- until shortly before the 2004 discovery deadline expired.  See Plaintiff Equal Employment Opportunity Commission's Second Supplemental Initial Disclosure at 1-2 (dated January 26, 2004); Certificate of Service, filed January 26, 2004 (Doc. 58); Amended Initial Pretrial Report at 1, filed January 7, 2004 (Doc. 57).

While the EEOC maintains that it never agreed to allow BCI Coca-Cola to depose the three witnesses, the EEOC agreed to two of three witnesses at the July 20, 2007 Status Conference.   The EEOC's posture thus lacks a factual basis.   The record reflects that, regardless of what transpired in the lawsuit in 2004, the EEOC recently agreed to discovery that specifically encompassed two of the three scheduled depositions, along with several others.   See Doc. 101.   This fact alone vitiates the EEOC's position.   There are, however, other circumstances that also undercut the EEOC's position.

The EEOC's contention that the timely disclosure of the witnesses before the January 31, 2004 deadline should preclude the depositions is unconvincing.   First, while the EEOC disclosed Young in November 2003, it disclosed deponents Wilson and Esquibel to BCI Coca-Cola on January 26, 2004, five days before discovery ended.   See Plaintiff Equal Employment Opportunity Commission's Second Supplemental Initial Disclosure at 1-2 (dated January 26, 2004); Certificate of Service, filed January 26, 2004 (Doc. 58); Amended Initial Pretrial Report at 1, filed January 7, 2004 (Doc. 57).   This late disclosure did not afford BCI Coca-Cola sufficient time to obtain the depositions of the those disclosed, because it was so close to the discovery deadline.

Further, the parties agreed to allow similar depositions.   For example, the EEOC agreed that the parties would need to update certain discovery, such as updating Peters' damages; updating BCI Coca-Cola's discovery relevant to punitive damages by securing current financial information;[2] and

---

[2] While the EEOC appears to have sought some new discovery on remand, BCI Coca-Cola erroneously interprets the EEOC's request for BCI Coca-Cola's financial information to mean that the EEOC was seeking financial information for years 2003 and 2004. See Reply at 2 n.2. Relevant financial information, as it pertains to punitive damages, is current financial information, which is what the EEOC sought to update.  See Heartland Surgical Speciality Hosp., LLC v. Midwest Div., Inc., No. 05-2164-MLB-DWB, 2007 WL 950282 (D. Kan. March 26, 2007)(noting that "the historical financial information requested . . . is not relevant because only current financial information is relevant to a claim for punitive damages."). Thus, even if the EEOC has sought some material on remand it is fair to say that the EEOC's discovery has been focused on updating the

updating discovery relevant to BCI Coca-Cola's Title VII/employment discrimination training and policies.  See Reply at 2; Response at 4.  Moreover, BCI Coca-Cola, in good faith, agreed to allow the EEOC additional time to depose witnesses that BCI Coca-Cola disclosed towards the end of the January 31, 2004 discovery.  See Response at 5.  BCI Coca-Cola granted the EEOC an extension of the discovery deadline in 2004 to depose the EEOC's late disclosures, but BCI Coca-Cola did not seek a reciprocal extension to depose the EEOC's late disclosures.  The Court should not allow the EEOC to get its limited discovery and deny BCI Coca-Cola similar discovery.

Moreover, the EEOC's counsel worked with BCI Coca-Cola's out-of-state counsel to obtain and schedule the December 6, 2007 deposition dates.  See Response at 4.  The EEOC knew not only that out-of-state counsel wanted to take the depositions, but that he would be flying to Albuquerque from Nashville, Tennessee to conduct the depositions.  See id.  If the EEOC firmly believed that the depositions should not move forward, it should have promptly filed a motion for protective order in late August, in September, or in October, and should not have sent confusing signals to BCI Coca-Cola's counsel, before ultimately filing a motion to quash and untimely notice of non-appearance, 9 days and 2 days, respectively, before the scheduled December 6, 2007 depositions.

The Federal Rules of Civil Procedure allow for generous discovery.  The discovery agreements should not be used as a sword to preclude BCI Coca-Cola from obtaining limited discovery to which the EEOC has agreed.

There is no reason to foreclose these two depositions because of the delay in this case.  Even though there has been a time lapse in this lawsuit, the Court is not convinced that it can fairly conclude that BCI Coca-Cola caused all of that delay.  Months after the July 20, 2007 Status

---

financial information that BCI Coca-Cola possesses.

Conference, BCI Coca-Cola is trying to conduct some of the limited discovery to which the EEOC agreed to during the Status Conference before the Court.

### C.    THERE IS NO SOUND REASON, ABSENT AGREEMENT, TO ALLOW THE DEPOSITION OF YOUNG.

While the Court believes that there are good grounds to allow the depositions of Esquibel and Wilson, the Court finds such grounds lacking for a deposition of Young.  The Court should not allow BCI Coca-Cola to depose Young at this stage of the litigation.  Discovery ended on January 31, 2004. To allow Young's deposition would be inconsistent with the Court's scheduling order.  In addition, to allow depositions at this stage would affect the EEOC's interests in this case in a way to which it did not agree at the Status Conference.

BCI Coca-Cola was not precluded from seeking an extension of time to depose any of the EEOC's witnesses, including Esquibel, Wilson, and Young.  BCI Coca-Cola did not, however, seek an extension of time to conduct the depositions.  In fact, BCI Coca-Cola knowingly and consciously did not depose the three witnesses.  In the absence of the EEOC's acquiescence, the Court does not think it wise to require the deposition of a witness disclosed to BCI Coca-Cola so early in the discovery process.  The EEOC had to abide by the Court's scheduling order in 2004; BCI Coca-Cola should be equally bound.

The Court is also reluctant to interpret the EEOC's agreement at the Status Conference any broader than the EEOC's plain language.  For example, the EEOC did not agree to allow BCI Coca-Cola to be "re-deposed" without limitation, and BCI Coca-Cola apparently recognized the scope of the second deposition.  See Reply, Exhibit C at 1 (email from Ms. Molina to Mr. Presnell (dated September 26, 2007) stating that: "As to Mr. Peters, based on my understanding from our previous discussion, any depositions at this point will be strictly limited to updating his damages, and nothing

-20-

else."). Without the EEOC's agreement, it would be inappropriate to allow a full second deposition of Peters. Likewise, without the EEOC's agreement, it would be inappropriate to allow the deposition of Young.

Finally, that the EEOC included affidavits from the three witnesses with its response to BCI Coca-Cola's motion for summary judgment is not instructive on the issue of whether the Court should permit BCI Coca-Cola to depose Young. BCI Coca-Cola was on notice early that the EEOC considered Young a favorable witness. BCI Coca-Cola was on full notice that it might see an affidavit in opposition when it filed its motion for summary judgment. Moreover, the briefing on summary judgment is now largely irrelevant at this stage of proceedings.

In conclusion, the parties were subject to a discovery deadline that the Court set. The EEOC observed and complied with the deadline. BCI Coca-Cola chose not to depose the three witnesses, and chose not to seek an extension of time to do so. The Court should not treat BCI Coca-Cola any differently than any other litigant in the same situation. Absent agreement from the EEOC, the Court will not allow BCI Coca-Cola to depose Young at this stage of the litigation for whom the EEOC did not agree to allow the deposition.

### III.    DISCOVERY SANCTIONS ARE NOT APPROPRIATE.

BCI Coca-Cola argues that it should never have been put in the position of having to respond to a motion to quash that had no basis in fact or in law. See Response at 6. BCI Coca-Cola asserts that it finds itself in that position solely because of the EEOC's gamesmanship approach to discovery and because of its unwillingness to act in a cooperative, good faith, and reciprocal spirit of professionalism. See id. BCI Coca-Cola argues that it should recover as a sanction its attorney's fees for having to respond to this belated and obstructionist discovery effort. See id. Alternatively, BCI

-21-

Coca-Cola argues that, in conjunction with a fee award, the Court should preclude the EEOC from calling the three witnesses at trial if the Court does not permit the depositions.  See id.

BCI Coca-Cola did not completely prevail on this motion.  Moreover, the Court need not, as BCI Coca-Cola suggests, characterize the EEOC's opposition as obstructionist tactics.  The Court is convinced that, if the EEOC had obtained a transcript of the July 20, 2007 Status Conference, it would have realized the position that it took before the Court.  The Court chalks this dispute up to an honest, good-faith dispute between the parties and one to which the Clerk's minutes contributed.

**IT IS ORDERED** that the Plaintiff's Motion to Quash Subpoena and/or Motion for Protective Order and Request for Expedited Ruling is granted in part and denied in part.  The Court will allow the depositions of Bryan Esquibel and Michael Wilson, but not the deposition of James Young.  The Defendant's request for sanctions is denied.


_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Gwendolyn Young Reams
    Legal Counsel Office
Equal Employment Opportunity
    Commission
Washington, D.C.

-- and --

Mary Jo O'Neill
    Regional Attorney
Sally C. Shanley
    Supervisory Trial Attorney

-22-

C. Emanuel Smith
Equal Employment Opportunity
  Commission
Phoenix, Arizona

-- and --

Loretta Medina
  Senior Trial Attorney
Veronica A. Molina
  Trial Attorney
Equal Employment Opportunity
  Commission
Albuquerque, New Mexico

   *Attorneys for the Plaintiff*

E. Todd Presnell
Kara E. Shea
Miller & Martin LLP
Nashville, Tennessee

-- and --

Christopher M. Moody
Moody & Warner, P.C.
Albuquerque, New Mexico

   *Attorneys for the Defendant*