IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

       Plaintiff,

vs.                                                  No. CIV 02-1644 JB/RHS

BCI COCA-COLA BOTTLING COMPANY
OF LOS ANGELES,
d/b/a PHOENIX COCA-COLA BOTTLING
COMPANY and COCA-COLA BOTTLING
COMPANY OF ALBUQUERQUE,

       Defendant.

## MEMORANDUM OPINION AND ORDER

      **THIS MATTER** comes before the Court on the Plaintiff's Motion in Limine to Exclude All Evidence Concerning Claimant Not Seeking Professional Counseling, filed December 28, 2007 (Doc. 124). The Court held a hearing on February 14, 2008. The primary issues are: (i) whether evidence that the charging party, Stephen B. Peters, did not seek professional medical or psychological treatment or counseling is relevant to the damages issues raised by Plaintiff Equal Employment Opportunity Commission's claim for emotional distress; and (ii) whether, if the evidence is relevant, the Court should nonetheless exclude the evidence because it will distract the jury from the EEOC's damages claim and will intimidate Peters by putting him on trial. Because the Court believes that the evidence of Peters' failure to seek profession help is relevant to his request for relief under a claim for emotional distress, because the Court does not believe admitting the evidence is inconsistent with the United States Court of Appeals for the Tenth Circuit's decision in Smith v. Northwest Financial Acceptance, Inc., 129 F.3d 1408 (10th Cir. 1997), and because the Court concludes that the danger

of the evidence's unfair prejudice, if any, does not substantially outweigh its probative value, the Court will deny the motion.

**PROCEDURAL BACKGROUND**

The EEOC brought this case pursuant to Title VII of the Civil Rights Act of 1964. See Complaint, filed December 30, 2002 (Doc. 1)("Complaint"). The EEOC has alleged that Defendant BCI Coca-Cola Bottling Company of Los Angeles engaged in unlawful discrimination when it terminated Peters' employment. See id. ¶¶ 6-10, at 2-3. In its Complaint, the EEOC requests certain relief from the Court, including that the Court "[o]rder Defendant to make whole Stephen B. Peters by providing compensation for past and future nonpecuniary losses . . . including, but not limited to, emotional pain, suffering, inconvenience, mental anguish, humiliation, loss of enjoyment of life, and other non-pecuniary losses, in amounts to be determined at trial." Complaint ¶ E, at 4. Similarly, in its initial disclosures, the EEOC indicated that it would be seeking monetary relief "for Stephen Peters' emotional pain, suffering, inconvenience, mental anguish, humiliation, loss of enjoyment of life and other non-pecuniary compensatory damages." Defendant's Response in Opposition to Plaintiff's Motion in Limine to Exclude Evidence Concerning Claimant Not Seeking Professional Counseling, filed January 11, 2008 (Doc. 132)("Response"), Exhibit 1, Plaintiff Equal Opportunity Commission's Initial Disclosures at 3 (dated June 19, 2003)("EEOC's Initial Disclosures").

BCI Coca-Cola sought discovery concerning these elements of damages. See Response at 2. It was revealed that Peters has not sought or received professional counseling or treatment for any emotional harm that he allegedly has sustained as a result of BCI Coca-Cola's allegedly unlawful employment practices. See id. In his deposition, BCI Coca-Cola's counsel asked Peters about his

failure to seek professional counseling for the emotional harm he suffered as a result of the unlawful discrimination to which BCI Coca-Cola subjected him. See Plaintiff's Motion in Limine to Exclude all Evidence Concerning Claimant's Familial Circumstances, Exhibit A, Deposition of Stephen B. Peters at 34:21-23 (taken December 2, 2003). Consequently, the EEOC anticipates that BCI Coca-Cola may attempt to introduce evidence, or elicit testimony, concerning Peters' failure to seek professional counseling. See Plaintiff's Memorandum in Support of Motion in Limine to Exclude All Evidence Concerning Claimant Not Seeking Professional Counseling at 2, filed December 28, 2007 (Doc. 124)("EEOC's Memo.").

Pursuant to D.N.M. LR-Civ. 7.2, the EEOC's counsel conferred with BCI Coca-Cola's local counsel, Christopher Moody, about this matter, but Mr. Moody, at the time the EEOC filed its motion, was unable to object or concur on the EEOC's motion. See Plaintiff's Motion in Limine to Exclude all Evidence Concerning Claimant Not Seeking Professional Counseling at 1, filed December 28, 2007 (Doc. 124)("Motion"). The EEOC therefore moves the Court for an order excluding all evidence concerning claimant not seeking professional counseling as evidence at a trial, a hearing, or on a motion. See id. The EEOC seeks a pretrial ruling to exclude any evidence concerning Peters' failure to seek professional counseling with regard to BCI Coca-Cola's allegedly unlawful termination of his employment. See id.; EEOC's Memo. at 1. The EEOC offers two grounds for its motion: (i) such evidence is irrelevant; and (ii) the danger of unfair prejudice substantially outweighs the evidence's probative value. See EEOC's Memo. at 1 (citing rules 401, 402, 403, and 802 of the Federal Rules of Evidence).

Pursuant to D.N.M. LR-Civ. 7.3, BCI Coca-Cola filed its Response. See Doc. 132. BCI Coca-Cola opposes the EEOC's motion to exclude evidence that Peters did not seek professional

counseling, arguing that it should be able to present to the jury such evidence to challenge Peter's claim for emotional harm damages. See id. at 1-2. On January 28, 2008, the EEOC submitted its reply. See Plaintiff's Reply to Defendant's Response to Plaintiff's Motion in Limine to Exclude All Evidence Concerning Claimant Not Seeking Professional Counseling, filed January 28, 2006 (Doc. 143)("Reply"). On January 29, 2008, the EEOC filed, pursuant to D.N.M. LR-Civ. 7.3(b), a Notice of Completion of Briefing, stating that the briefing on this motion was complete and indicated what documents the parties had filed with the Court. See Doc. 145.

## **LAW REGARDING RACIAL DISCRIMINATION**

A prima facie case of racial discrimination requires a showing that: (i) the plaintiff belongs to some protected class; (ii) the plaintiff was qualified for the position or benefit at issue; (iii) the plaintiff suffered an adverse employment action; and (iv) the plaintiff was treated less favorably than others. See EEOC v. BCI Coca-Cola Bottling of Los Angeles, d/b/a Phoenix Coca-Cola Bottling Company Coca-Cola Bottling Company of Albuquerque, 450 F.3d 476, 483-84 (10th Cir. 2006). "Title VII of the Civil Rights Act of 1964 prohibits an employer from 'fail[ing] or refus[ing] to hire or . . . discharg[ing] any individual, or otherwise . . . discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.'" Negrete v. Maloof Distributing L.L.C., No. CIV 06-0338 JB/LFG, 2006 WL 4061178 at * 2 (D.N.M. Oct. 17, 2006)(Browning, J.)(quoting 42 U.S.C. § 2000e-2(a)(I))(alterations in original). "A plaintiff raising a cause of action under Title VII may demonstrate intentional discrimination through either direct or indirect evidence." Mirzai v. State of New Mexico General Servs. Dep't., 506 F.Supp.2d 767, 775 (D.N.M. 2007)(Browning, J.)."[T]he critical prima facie inquiry in all cases is whether the plaintiff has demonstrated that the adverse

employment action occurred 'under circumstances which give rise to an inference of unlawful discrimination." Kendrick v. Penske Transp. Servs., Inc., 220 F.3d 1220, 1227 (10th Cir.2000)(internal quotations omitted).

## LAW REGARDING RELEVANT EVIDENCE

The Federal Rules of Evidence defines "relevant evidence" as that which has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Under rules 402 relevant evidence is admissible. See Fed. R. Evid. 402. The Court may exclude relevant evidence only if its "probative value is substantially outweighed by the danger of unfair prejudice, confusions of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

## LAW REGARDING PROFFER OF EVIDENCE ON EMOTIONAL HARM

A victim of discrimination who claims emotional harm need not present evidence that he received professional counseling. See Smith v. Northwest Fin. Acceptance, Inc., 129 F.3d 1408, 1417 (10th Cir. 1997). The Tenth Circuit explained that "the testimony of a treating physician or psychologist . . . is one suggested method of proving emotional damages but is not the sole dispositive requirement." Id. The harm suffered by that plaintiff included "nausea, migraines, humiliation, degradation, loss of self-respect, sleeplessness, consumption of sleeping pills, frequent crying, loss of a loan officer career, and stress in Plaintiff's relationship with her daughter." Id. at 1416. The Tenth Circuit stated that, "[c]onsidering the cumulative evidence of Plaintiff's emotional harm, the absence of testimony by a treating physician does not necessarily mean her claim is devoid

of substantial evidence." Id. at 1417.

In Owens v. Sprint/United Management Co., 221 F.R.D. 657 (D. Kan. 2004), the United States District Court for the District of Kansas noted that the plaintiff's medical and psychological records are generally relevant to causation and claims for emotional pain, suffering, and mental anguish. See id. at 659-60. The Court found that "information on Plaintiff's medical and health care providers and records relating to her medical care, treatment and counseling are relevant to the claims she seeks for her 'garden variety' emotional damages under Title VII." 221 F.R.D. at 660.

In Rettinger v. IBP, Inc., No. 96-4015-SAC, 1999 WL 318153 (D. Kan. January 6, 1999), another case that BCI Coca-Cola cites, the defendant sought to introduce evidence supporting their theory of causation. The issue in Rettinger v. IBP, Inc. was whether it was appropriate for the court to allow the defendants to introduce evidence of alternate or multiple causes of such distress. See id. at *2. The district court stated: "[I]t would be inequitable to allow the plaintiff to introduce selected evidence on [the issue of emotional distress] but to disallow the defendants to present evidence supporting their theories of causation." Id.

## ANALYSIS

Even though the EEOC seeks damages attributable to Peters' alleged emotional harm, it has filed a motion in limine requesting that the Court preclude BCI Coca-Cola from eliciting testimony demonstrating that he has never sought professional treatment for this alleged harm. The EEOC contends that these counseling matters have no legitimate bearing on the issues involved in this case other than to detract the jury from the claimant's damages and to attempt to intimidate Peters with matters that are wholly unrelated to his claim of race discrimination.

## I. THE COUNSELING EVIDENCE IS RELEVANT TO THE DAMAGES ISSUES IN THE CASE.

The parties are in agreement that a victim of discrimination who alleges emotional harm need not present evidence that he or she received professional counseling. See EEOC's Memo. at 2; Response at 3; Reply at 1. There is also no dispute that evidence concerning these matters is not relevant to the issue whether Peters was the victim of unlawful race discrimination. See EEOC's Memo. at 2; Response at 2. Such evidence is irrelevant to the issue whether Peters was discharged from employment because of his race. See id. The EEOC contends, therefore, that the only purpose for introducing such evidence is to put the victim on trial and inflame the jury, thereby prejudicing the EEOC. See EEOC's Memo. at 2.

The EEOC's argument does not take into account, however, that this evidence is relevant to the issue of damages and, particularly, the extent to which, if any, Peters sustained emotional injuries. The EEOC made this issue material by seeking damages for emotional harm in its Complaint. It is reasonable that a jury could determine that Peters' failure to seek professional counseling or treatment has a "tendency to make" the EEOC's claim that he has sustained emotional injuries "less probable." Fed. R. Evid. 401.

A jury may be more inclined to find that a claimant has sustained legitimate emotional injuries if that person has sought professional counseling. On the other hand, a jury may be less inclined to award significant damages for emotional injuries to a claimant who did not seek professional counseling than to a claimant who sought such treatment. The evidence is relevant, and the jury should give it such weight as it deems appropriate.

The EEOC relies heavily on Smith v. Northwest Financial Acceptance, Inc. for the proposition

that a Title VII claimant alleging emotional harm need not present evidence that he or she received professional treatment. See 129 F.3d at 1417. BCI Coca-Cola has not argued, however, that the EEOC cannot obtain damages attributable to Peters' alleged emotional injuries on the sole basis that he has not received professional counseling. See Response at 3.

The Court does not believe that Smith v. Northwest Financial Acceptance, Inc. can fairly be construed as supporting the notion that a defendant in this situation may not, as a matter of law, show that a claimant did not obtain professional treatment. The EEOC does not dispute that such a defendant has the right to challenge a claimant's contention that he or she has been emotionally injured and the extent of the injuries claimed. There is nothing in Smith v. Northwest Financial Acceptance, Inc. that says this category of evidence is inadmissible.

While the EEOC maintains that the Court's position does not comport with the holding in Smith v. Northwest Financial Acceptance, Inc., the Court has carefully read the Tenth Circuit's opinion, and does not see any inconsistency between its holding here and the Tenth Circuit's holding in Smith v. Northwest Financial Acceptance, Inc. The EEOC maintains that, under the Court's view, victims of discrimination would be required to disprove a negative to prove their claims, which is an impossible task that discrimination victims would never be able to attain. See Reply at 1. But the burden of proof is already on the plaintiff; he or she already must deal with unfavorable evidence, and the Court's ruling does not change those dynamics.

Moreover, the assumption in Smith v. Northwest Financial Acceptance, Inc. is that such evidence is admissible and probative, and that a plaintiff seeking damages for emotional injuries can present evidence of professional help to support his request for damages. See 129 F.3d at 1417 (explaining that "[s]uch testimony is one suggested method of proving emotional damages but is not

the sole dispositive requirement."). The Tenth Circuit in Smith v. Northwest Financial Acceptance, Inc., indicated that evidence of professional treatment is probative to whether a claimant has sustained emotional injuries and the extent of any such injuries, but is not required. See Smith v. Northwest Fin. Acceptance, Inc., 129 F.3d at 1417 (citing Fitzgerald v. Mountain States Tel. & Tel. Co., 68 F.3d 1257, 1265-66 (10th Cir. 1995)); Wulf v. City of Wichita, 883 F.2d 842, 874-75 (10th Cir. 1989)(finding that an award for emotional distress was excessive, but not precluding the award which was not based on medical or psychological testimony). There is no sound reason to conclude that professional treatment is relevant to a plaintiff's case, but, as a matter of law, irrelevant to the defendant's defense.

## II.     THE COURT WILL NOT EXCLUDE THE EVIDENCE UNDER RULE 403.

The EEOC has not met its burden under rule 403 of demonstrating that the probative value of this evidence is "substantially outweighed by the danger of unfair prejudice" or other considerations. Fed. R. Evid. 403. The only suggestion that the EEOC made in its motion is that BCI Coca-Cola intends to introduce such evidence to detract the jury from the claimant's damages and to attempt to intimidate Peters. See EEOC's Memo. at 2. The EEOC does not explain, however, how the introduction of such evidence would intimidate Peters. The Court also does not believe that the introduction of this evidence will intimidate Peters.

The Court is not convinced that such evidence will detract the jury from the EEOC's claim for damages. Rather, the Court believes that the evidence may prove helpful to the jury. Specifically, it may assist the jury in determining whether Peters has sustained any emotional injuries, as the EEOC alleges, and, if so, the extent of any such injuries. Having asserted a claim for damages attributable to emotional damages, the EEOC is not in a good position to seek to deprive BCI Coca-Cola of the

opportunity to defend itself against such a claim.

For example, a plaintiff in a car-collision case almost always seeks damages for personal injuries. It would be unusual, but nonetheless noteworthy and relevant, if the plaintiff never sought medical assistance. The EEOC's theory would preclude the defendant from bringing this failure to seek medical assistance to the jury's attention. The EEOC's theory appears to be a novel limitation on a defendant's ability to rebut evidence of the plaintiff's damages, because the EEOC has not cited any authority from any court in any jurisdiction that expressly supports its position.

If the EEOC wishes to preclude BCI Coca-Cola from presenting this evidence at trial, it should consider abandoning its claim for damages attributable to Peter's alleged emotional injuries. The EEOC's request for damages for emotional injuries may be weak. As long as the EEOC persists in its claim, however, BCI Coca-Cola is entitled to bring to the jury's attention that Peters has not sought nor received professional counseling or treatment for any such alleged injuries.

It would be unfair to BCI Coca-Cola, under the present circumstances and posture of the case, for the Court to prohibit BCI Coca-Cola from presenting its evidence. Cf. Owens v. Sprint/United Mgmt Co., 221 F.R.D. at 660 (finding that "information on Plaintiff's medical and health care providers and records relating to her medical care, treatment and counseling are relevant to the claims she seeks for her 'garden variety' emotional damages under Title VII"); Rettinger v. IBP, Inc., 1999 WL 318153 at *2 ("[I]t would be inequitable to allow the plaintiff to introduce selected evidence on [the issue of emotional distress] but to disallow the defendants to present evidence supporting their theories of causation."). The EEOC responds that BCI Coca-Cola and the Court's reliance on Owens v. Sprint/Mgmt Co. is misplaced. See Reply at 2. The EEOC notes that Peters' case is different from Owens', because there are no such medical and healthcare provider

records.  See id.  While there is a factual distinction, the EEOC does not explain why records are relevant when a plaintiff is offering them, but are irrelevant when a defendant is offering evidence that those records do not exist.  Similarly, the evidence at issue in Rettinger v. IBP, Inc. is not the same evidence that the EEOC is seeking to exclude in this case, but the case remains instructive regarding what is relevant evidence.

The Court will therefore not preclude BCI Coca-Cola from introducing any documents or testimony relating to this topic.  The Court will deny the EEOC's motion in limine.

**IT IS ORDERED** that the Plaintiff's Motion in Limine to Exclude All Evidence Concerning Claimant Not Seeking Professional Counseling is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Mary Jo O'Neill
  Regional Attorney
Sally C. Shanley
  Supervisory Trial Attorney
Equal Employment Opportunity
  Commission
Phoenix, Arizona

-- and --

Loretta Medina
  Senior Trial Attorney
Veronica A. Molina
  Trial Attorney
Equal Employment Opportunity
  Commission
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

E. Todd Presnell
Kara E. Shea
Miller & Martin LLP
Nashville, Tennessee

-- and --

Christopher M. Moody
Moody & Warner, P.C.
Albuquerque, New Mexico

    *Attorneys for the Defendant*