IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

        Plaintiff,

vs.                                                                                                                    No. CIV 02-1644 JB/RHS

BCI COCA-COLA BOTTLING COMPANY
OF LOS ANGELES,
d/b/a PHOENIX COCA-COLA BOTTLING
COMPANY and COCA-COLA BOTTLING
COMPANY OF ALBUQUERQUE,,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

        **THIS MATTER** comes before the Court on (i) the Plaintiff's Motion in Limine to Exclude All Evidence Concerning Claimant's Prior Discipline, filed December 28, 2007 (Doc. 126)("Motion"); and (ii) Defendant's Motion in Limine to Exclude Evidence of Mr. Peter's Then Undisclosed Explanation for his 1999 Insubordination, filed December 28, 2007 (Doc. 128). The Court held a hearing on February 14, 2008. The primary issue is whether the Court should exclude all evidence regarding an incident involving Bill Donnelly's issuance of a written disciplinary action form to claimant Stephen B. Peters. For the reasons stated at the hearing, and for reasons stated herein consistent with those already stated, the Court will deny Plaintiff's Motion in Limine to Exclude All Evidence Concerning Claimant's Prior Discipline and Defendant's Motion in Limine to Exclude Evidence of Mr. Peter's Then Undisclosed Explanation for his 1999 Insubordination, and grant the request contained within the Plaintiff's Reply to Defendant's Response to Plaintiff's Motion in Limine to Exclude all Evidence Concerning Claimant's Prior Discipline that Peters'

explanation and/or reasons for the 1999 discipline be allowed if the Court allows BCI Coca-Cola to introduce evidence concerning the 1999 discipline. Because evidence concerning the 1999 disciplinary action and Peters' explanation of the action are relevant, the Court will not preclude -- pretrial -- BCI Coca-Cola or Peters from offering that evidence.

## **FACTUAL BACKGROUND**

Peters is African American. See Complaint ¶ b, at 3, filed December 30, 2007 (Doc. 1)("Complaint"). The September 17, 1999 disciplinary action form indicates that Peters was suspended for two days and issued a final warning based on insubordinate conduct. See Defendant's Response in Opposition to Plaintiff's Motion in Limine to Exclude all Evidence Concerning Claimant's Prior Discipline, filed January 14, 2008 (Doc. 136)("Response"), Exhibit A, Disciplinary Status Notice (dated September 17, 1999)("Disciplinary Action Form"). Specifically, the insubordinate conduct was refusing to work, as his supervisor requested, on a Saturday or Sunday. See Disciplinary Action Form at 1.

The form indicates that Peters was rude and unprofessional in his conduct, and that he hung up the telephone on the individual making the weekend work request. See id. The form also states that, if Peters engaged in such conduct in the future, further disciplinary action could be taken, up to and including termination; the write-up concludes with the words "FINAL WARNING." Id. at 2. The form indicates that this disciplinary action was issued to Peters by his supervisor at the time, Edward Esquivel, and also indicates that another supervisory employee, Bill Donnelly, was involved in counseling Peters on this issue and witnessed the issuance of the write-up to Peters. See id. at 1.

BCI Coca-Cola contends that neither Esquivel nor Donnelly were involved in the decision to terminate Peters, which occurred approximately two years later, in 2001. See Response at 2. The

EEOC has made no allegation, nor submitted any evidence, indicating that Esquivel or Donnelly was racially biased towards African Americans, or harbored any racially discriminatory motive toward Peters with respect to the 1999 incident. See id.  It is undisputed that Cesar Grado, Peters' supervisor at the time of his termination, had no involvement in issuing this disciplinary action to Peters in 1999, nor even any knowledge of this incident, which occurred before he began supervising Peters.  See id.

Peters' personnel file contained the disciplinary form from 1999.  It is undisputed that the person who made the decision to terminate Peters, Patricia Edgar, was informed of the contents of this document before she made the decision to terminate Peters.  See Response, Exhibit B, Declaration of Patricia K. Edgar ¶¶ 4, 11,  at 11, 14 (executed February 2nd, 2004)("Edgar Dec.")(stating that "Mr. Grado told [her] that Mr. Peters had previously resisted working on his scheduled days off . . . ."); Exhibit C,  Declaration of Sherry Pederson ¶ 5, at 20 (executed February 3, 2004)("Pederson Dec.").  It is further undisputed that Edgar had no prior knowledge of or involvement in this incident, see Edgar Dec. ¶ 11,  at 14, and she will testify at trial that she obtained her knowledge of this incident solely from the contents of the disciplinary form, see Response at 2.

At trial, Edgar will testify, consistent with the prior testimony that she has given in this case, that this prior incident of insubordination, including a final written warning, was one of the factors which motivated her decision to terminate Peters.  See id.  She will testify that BCI Coca-Cola policy permits termination based on a first offense of insubordination, and that she felt it would set a bad precedent not to terminate Peters, who had already been given a final warning on this issue. See id. at 2-3.  She will also testify that the fact that Peters engaged in insubordinate communications with another supervisor, when asked to work on the weekend, corroborated Grado's

account that Peters had engaged in nearly identical insubordinate conduct towards him under similar circumstances.  See Edgar Dec. ¶¶ 11-13, at 14-15.

## PROCEDURAL BACKGROUND

The EEOC brought this case pursuant to Title VII of the Civil Rights Act of 1964. See Complaint at 1.  The EEOC has alleged BCI Coca-Cola engaged in unlawful discrimination when it terminated Peters' employment in 2001.  See Complaint ¶ a, b, at 3.  The parties have not named Donnelly as a witness.  BCI Coca-Cola's counsel, however, asked Peters in his deposition about this matter.  See Deposition of Stephen B. Peters at 87:1-88:25 (taken December 2, 2003).

At the summary judgment stage, the EEOC made a hearsay objection to the Court's consideration of the disciplinary action form.  The Court recognized that the form and the information contained in the form are not hearsay because they are not being admitted to prove the truth of the matters asserted.  See Memorandum Opinion and Order at 10 n.3, filed June 10, 2004 (Doc. 81)("Peters objects to the admissibility of the Disciplinary Status Notice, contending that it is inadmissible hearsay. Again, BCI is not offering the Notice as evidence of the truth about the incident in 1999, but for its influence on Edgar's state of mind.").

Consequently, the EEOC anticipates that BCI Coca-Cola may attempt to introduce evidence, or elicit testimony, concerning the incident involving Donnelly for which Peters was issued a written disciplinary action form.  See Plaintiff's Memorandum in Support of Motion in Limine to Exclude all Evidence Concerning Claimant's Prior Discipline at 1-2, filed December 28, 2007 (Doc. 126-2)("EEOC's Memo.").  BCI Coca-Cola admits that it seeks to introduce into evidence the disciplinary action form issued to Peters on September 20, 1999.  See Response at 1.  BCI Coca-Cola does not, however, intend to call Donnelly or Esquivel as witnesses, or to elicit testimony from

Peters or from any other witnesses regarding Peters' conduct on that occasion or about the circumstances leading to the 1999 incident of insubordination. See Response at 3. BCI Coca-Cola intends to introduce the form into evidence and to elicit testimony from Edgar and possibly from Sherry Pedersen, BCI Coca-Cola's Human Resources representative in Albuquerque, regarding the fact that Edgar, assisted by Pedersen, pulled the file and looked at the form, and the role which the information contained in the form played in Edgar's decisionmaking process relative to Peters' termination. See id.

Pursuant to D.N.M. LR-Civ. 7.2, the EEOC's counsel conferred with opposing counsel, local counsel Christopher Moody, about this matter, and at the time that the EEOC filed its motion, Mr. Moody was not able to object or to concur on this motion. See Plaintiff's Motion in Limine to Exclude all Evidence Concerning Claimant's Prior Discipline at 1, filed December 28, 2007 (Doc. 126). The EEOC moves the Court for an order excluding all evidence concerning Peters' prior discipline as evidence at a trial, at a hearing, or on a motion. See id. The EEOC seeks a pre-trial ruling to exclude any evidence concerning prior discipline issued to Peters in 1999, with which Peters was not in agreement. See EEOC's Memo. at 1. The EEOC offers two grounds for its motion: (i) such evidence is irrelevant; and (ii) such evidence is hearsay. See id. (citing Fed. R. Evid. 401, 402, 403, and 802).

On January 14, 2008, BCI Coca Cola filed the Defendant's Response in Opposition to Plaintiff's Motion in Limine to Exclude All Evidence Concerning Claimant's Prior Discipline. See Response. BCI Coca-Cola partially opposes the EEOC's motion in limine. See id. at 1. BCI Coca-Cola does not oppose the EEOC's motion, except with respect to: (i) the disciplinary action form itself, and the contents thereof, see id. at 1-5; and (ii) the testimony of BCI Coca Cola personnel

regarding the role this information played in Edgar's termination decision, see id. at 5-6.

At the hearing, the EEOC indicated that it would introduce Peters' testimony regarding what happened in September of 1999, and documentation to support his testimony if BCI Coca-Cola attempted to introduce the 1999 disciplinary form. See Transcript of Hearing (taken February 14, 2008)("Tr.") at 4:2-19 ( Court & Molina).[1] The EEOC stated it would not seek to present any other witnesses on that issue. See id. at 5:20-23 (Court & Molina). BCI Coca-Cola indicated that it wanted to only introduce the disciplinary form. See id. at 8:5-9 (Court & Presnell). BCI Coca-Cola indicated that it was probably going to call Donnelly and Esquivel to introduce the 1999 disciplinary document and stated that they would talk about the facts leading up to the disciplinary action, but not about the meeting or anything after that meeting. See id. at 16:9-17 (Court & Presnell). The EEOC would respond by introducing Peters' testimony in its case in chief about what occurred in 1999 up until the disciplinary action, but would not introduce anything about the meeting itself between Donnelly and Esquivel. See id. at 16:18-19:25 (Court, Molina & Presnell).

## LAW REGARDING RACIAL DISCRIMINATION

A prima facie case of racial discrimination requires a showing that: (i) the plaintiff belongs to some protected class; (ii) the plaintiff was qualified for the position or benefit at issue; (iii) the plaintiff suffered an adverse employment action; and (iv) the plaintiff was treated less favorably than others. See EEOC v. BCI Coca-Cola Bottling Company of Los Angles, d/b/a Phoenix Coca-Cola Bottling Company Coca-Cola Bottling Company of Albuquerque, 450 F.3d 476, 483-84 (10th Cir. 2006). "A claim of disparate treatment encompasses a situation where the employer simply treats

---

[1] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

some people less favorably than others because of their race, color, religion, or national origin." Velasquez v. Frontier Med. Inc., 375 F.Supp.2d 1253, 1271 (D.N.M. 2005)(Browning, J.)."The critical prima facie inquiry in all cases is whether the plaintiff has demonstrated that the adverse employment action occurred under circumstances giving rise to an inference of unlawful discrimination." Kendrick v. Penske Transp. Servs., Inc., 220 F.3d 1220, 1227 (10th Cir. 2000)(internal quotations omitted).

## ANALYSIS

The EEOC contends that the 1999 discipline form has no legitimate bearing on the issues involved in this case other than to detract the jury from Peters' damages and to attempt to intimidate Peters with matters that are wholly unrelated to his claim of race discrimination. The EEOC argues that the only purpose for introducing such evidence is to put the victim on trial and inflame the jury, thereby unfairly prejudicing the EEOC. The Court disagrees, but will allow the EEOC some initial opportunity to explore the incident in 1999.

### I.     THE EVIDENCE OF PETERS' PRIOR DISCIPLINE IS RELEVANT.

Edgar will testify that the fact that Peters engaged in insubordinate communications with another supervisor, when asked to work on the weekend, corroborated Grado's account that Peters engaged in nearly identical insubordinate conduct towards him under similar circumstances. See Edgar Aff. ¶ 11, at 14; Response at 3. This aspect of Edgar's testimony regarding her reasoning for terminating Peters is an important aspect of BCI Coca-Cola's defense. See Response at 3. This evidence is thus relevant to the determinative issue: whether Peters was terminated based on his race or whether he was terminated based on legitimate, non-discriminatory reasons.

## II. THE DISCIPLINARY ACTION FORM IS NOT HEARSAY AND MAY NOT BE EXCLUDED ON THAT BASIS.

Contrary to the EEOC's contention, the disciplinary form is not hearsay. As the Court stated when the EEOC made a similar objection to this evidence at the summary judgment stage of these proceedings, this form and the information contained in the form are not hearsay, because they are not being admitted to prove the truth of the matter asserted. See Memorandum Opinion and Order at 10 n.3, filed June 10, 2004 (Doc. 81)("Peters objects to the admissibility of the Disciplinary Status Notice, contending that it is inadmissible hearsay. Again, BCI is not offering the Notice as evidence of the truth about the incident in 1999, but for its influence on Edgar's state of mind."). Accordingly, the Court believes it should allow the introduction of what Edgar knew in 2001, with, if reported, a limiting instruction.

The Court will not preclude -- pretrial -- BCI Coca-Cola from introducing any documents or testimony relating to this topic. The parties agreed that they would not introduce evidence concerning the meeting involving Donnelly and Esquivel. See Tr. at 16:9-17 (Court & Presnell); id. at 16:18-19:25 (Court, Molina & Presnell). If BCI Coca-Cola chooses to introduce any evidence concerning the 1999 disciplinary action, however, Peters is permitted to testify regarding his justifications and reasons for his actions pertinent to the 1999 disciplinary action. Moreover, Peters is permitted to testify regarding the 1999 discipline, even if BCI Coca-Cola does not introduce the 1999 disciplinary action form, if BCI Coca-Cola argues in any way that Edgar relied upon the 1999 disciplinary incident to make her decisions. If BCI Coca-Cola intends to introduce testimony of Donnelly or Esquivel, as rebuttal witnesses or otherwise, then the EEOC is permitted to depose them.

**IT IS ORDERED** that the Plaintiff's Motion in Limine to Exclude All Evidence Concerning

Claimant's Prior Discipline is denied.  Defendant's Motion in Limine to Exclude Evidence of Mr. Peter's Then Undisclosed Explanation for his 1999 Insubordination is denied.  The parties agreed not to introduce evidence concerning the meeting involving Donnelly and Esquivel.  If BCI Coca-Cola introduces any evidence concerning the 1999 disciplinary action, then Peters is permitted to testify regarding his justifications and reasons for his actions pertinent to the 1999 disciplinary action.  Moreover, Peters is permitted to testify regarding the 1999 discipline, even if BCI Coca-Cola does not introduce the 1999 disciplinary action form, if BCI Coca-Cola argues that Edgar relied upon the 1999 disciplinary incident to make her decisions.  If BCI Coca-Cola intends to introduce testimony of Donnelly or Esquivel, as rebuttal witnesses or otherwise, then the EEOC is permitted to depose them.  The request contained within the Plaintiff's Reply to Defendant's Response to Plaintiff's Motion in Limine to Exclude all Evidence Concerning Claimant's Prior Discipline that Peters' explanation and/or reasons for the 1999 discipline be allowed if the Court allows BCI Coca-Cola to introduce evidence concerning the 1999 discipline is granted.

                                                              _____
                                                              UNITED STATES DISTRICT JUDGE

*Counsel:*

Mary Jo O'Neill
  Regional Attorney
Sally C. Shanley
  Supervisory Trial Attorney
Equal Employment Opportunity
  Commission
Phoenix, Arizona

-- and --

Loretta Medina
  Senior Trial Attorney
Veronica A. Molina
  Trial Attorney
Equal Employment Opportunity
  Commission
Albuquerque, New Mexico

*Attorneys for the Plaintiff*

E. Todd Presnell
Kara E. Shea
Miller & Martin LLP
Nashville, Tennessee

-- and --

Christopher M. Moody
Moody & Warner, P.C.
Albuquerque, New Mexico

*Attorneys for the Defendant*