IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

      Plaintiff,

vs.                                                  No. CIV 02-1644 JB/RHS

BCI COCA-COLA BOTTLING COMPANY
OF LOS ANGELES,
d/b/a PHOENIX COCA-COLA BOTTLING
COMPANY and COCA-COLA BOTTLING
COMPANY OF ALBUQUERQUE,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on pro se Plaintiff Intervenor Jonathan Lee Riches' Motion for Reconsideration and Clarification[,] Motion to Intervene as Plaintiff Under Fed. R. Civ. P[.] rule 24(A)2, 24(B)[, and] Motion to Amend Complaint, filed July 28, 2008 (Doc. 173). Upon reviewing Riches' motion, the Court has determined that a hearing will not be necessary. Riches' motion lacks merit, and the Court will deny it.

## BACKGROUND

This lawsuit, which arose out of Stephen B. Peters' allegations that his employer, Defendant BCI Coca-Cola Bottling Co., discriminated against him in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2(a)(1), was closed April 11, 2008 by consent decree. See Consent Decree, entered April 11, 2008 (Doc. 170). Riches, who is an inmate at the Federal Correctional Institute Williamsburg ("F.C.I. Williamsburg"), filed his motion July 28, 2008, and asserts that the Court should permit him to intervene as a plaintiff in this lawsuit, either as a matter

of right or by permission.  He alleges that "Coca[-]Cola discriminates against ex-felons and wont [sic] private [sic] them with a Job [sic] after release from FCI Williamsburg. . . ."  Motion at 1.  Riches also maintains that Coca-Cola discriminates because he is able to purchase only Pepsi products at the F.C.I. Williamsburg commissary.  See id.

Riches has been an active litigator during his time in incarceration, filing a myriad of lawsuits.  He "is a well-known litigator in the federal courts, having filed more than 1,000 actions in various federal district and appellate courts since 2006.  See U.S. Party-Case Index, http://pacer.psc.uscourts.gov, showing 1,793 cases filed as of April 21, 2008."  Riches v. National Enquirer, 2009 WL 411453, *1 (D. Del.).  Some of Riches' lawsuits have drawn national news coverage.  See, e.g., Ian McCaleb, South Carolina Inmate Hits Michael Vick With '$63,000,000,000 Billion Dollar' Lawsuit Alleging Al Qaeda Ties, FOX NEWS, August 15, 2007, http://www.foxnews.com/story/0,2933,293268,00.html (reporting that Riches sued National Football League Quarterback Michael Vick and alleged that Vick stole his dogs, used them in dog fighting operations, sold them on the internet, and used the profits to buy missiles from Iran).

## LAW REGARDING INTERVENTION

The Federal Rules of Civil Procedure allow for the intervention of new parties into a case pursuant to rule 24.  Rule 24(a) provides that, upon timely application, the Court should permit an applicant to intervene when the applicant claims an interest in the action, and the applicant is so situated that disposition of the action may impair or impede the applicant's ability to protect that interest, and existing parties do not adequately represent the applicant's interest.  Rule 24(b) permits the court to allow an applicant to intervene where the applicant has a claim or defense sharing common questions of law or fact with the main action.

  **1.**   **<u>Intervention as a Matter of Right</u>.**

Rule 24(a) of the Federal Rules of Civil Procedure provides that:

> **(a) Intervention of Right.** On timely motion, the court must permit anyone to intervene who:
>
> > **(1)** is given an unconditional right to intervene by a federal statute; or
> >
> > **(2)** claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a) (bolded in original). Under rule 24(a), an applicant for intervention may intervene as of right if: (i) the application is timely; (ii) the applicant claims an interest relating to the property or transaction that is the subject of the action; (iii) the lawsuit may as a practical matter impair or impede the applicant's interest; and (iv) existing parties do not adequately represent the applicant's interest. See <u>Coalition of Ariz./N.M. Counties for Stable Economic Growth v. Dep't of Interior</u>, 100 F.3d 837, 840 (10th Cir. 1996).

  Under rule 24(a)(2), the intervenors must 'claim . . . an interest relating to the property or transaction which is the subject of the action.'" <u>Utah Assoc. of Counties v. Clinton</u>, 255 F.3d at 1251. While rule 24(a) does not specify the nature of the interest required for intervention as a matter of right, the Supreme Court has held that "what is obviously meant . . . is a significantly protectable interest." <u>Donaldson v. United States</u>, 400 U.S. 517, 531 (1971). The Tenth Circuit requires that the interest be "direct, substantial, and legally protectable." <u>Utah Assoc. of Counties v. Clinton</u>, 255 F.3d at 1251 (quoting <u>Coalition of Ariz./N.M. Counties for Stable Economic Growth v. Dep't of Interior</u>, 100 F.3d at 840).

  **2.**   **<u>Permissive Intervention</u>.**

  Rule 24(b) of the Federal Rules of Civil Procedure provides:

**(b) Permissive Intervention.**

> **(1) In General.** On timely motion, the court may permit anyone to intervene who:
>
>> **(A)** is given a conditional right to intervene by a federal statute; or
>>
>> **(B)** has a claim or defense that shares with the main action a common question of law or fact.
>
> **(2) By a Government Officer or Agency.** On timely motion, the court may permit a federal or state governmental officer or agency to intervene if a party's claim or defense is based on:
>
>> **(A)** a statute or executive order administered by the officer or agency; or
>>
>> **(B)** any regulation, order, requirement, or agreement issued or made under the statute or executive order.
>
> **(3) Delay or Prejudice.** In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

Fed. R. Civ. P. 24(b)(bolded in original).

## ANALYSIS

Under the standard set forth in rule 24, Riches does not have a right to intervene in this case, nor does the Court see any viable reason to use its discretion to permit him to intervene. Riches seeks to assert claims of discrimination which have nothing to do with the lawsuit, which arose out of Stephen B. Peters' discrimination claims against his employer under Title VII of the Civil Rights Act of 1964. Riches' interest in this lawsuit – which was closed by consent decree months before Riches sought to intervene – does not impact any protectable interest he might have. If, for example, Riches has a legitimate claim for the activities in which he alleges Coca-Cola engaged against him, this employment lawsuit has no bearing on his claims. There is no preclusive effect.

Riches has filed thousands of lawsuits and has sought to intervene in others. Given, however, that Riches has no protectable interest in this case, and given that his motion was untimely, coming as it did post-judgment and approximately six years after the lawsuit commenced, the Court will deny the motion to intervene.

**IT IS ORDERED** that the Motion for Reconsideration and Clarification[,] Motion to Intervene as Plaintiff Under Fed. R. Civ. P[.] rule 24(A)2, 24(B)[, and] Motion to Amend Complaint is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel and Parties:*

Mary Jo O'Neill
  Regional Attorney
Sally C. Shanley
  Supervisory Trial Attorney
Equal Employment Opportunity
  Commission
Phoenix, Arizona

-- and –

Loretta Medina
  Senior Trial Attorney
Veronica A. Molina
  Trial Attorney
Equal Employment Opportunity
  Commission
Albuquerque, New Mexico

*Attorneys for the Plaintiff*

E. Todd Presnell
Kara E. Shea
Miller & Martin LLP
Nashville, Tennessee

-- and --

Christopher M. Moody
Moody & Warner, P.C.
Albuquerque, New Mexico

*Attorneys for the Defendant*

Jonathan Lee Riches
F.C.I. Williamsburg
Salters, South Carolina

*Prospective Intervenor-Plaintiff pro se*